**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION**

| | |
|---|---|
| IN RE | |
| **TROY L. VANWINKLE** | **CASE NO. 16-50363** |
| **DEBTOR** | **CHAPTER 7** |
| | |
| **LYLE WALKER and
CARL DAVID CRAWFORD** | **PLAINTIFFS** |
| v. | **ADV. NO. 16-5030** |
| **TROY L. VANWINKLE** | **DEFENDANT** |

**MEMORANDUM OPINION**

This matter is before the Court on the Debtor Defendant Troy L. Vanwinkle's Motion to Dismiss Amended Complaint [ECF No. 26]. The Plaintiffs, Lyle Walker and Carl David Crawford, filed this adversary proceeding seeking a judgment that their claim is non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (a)(6). [ECF No. 1 at 5; ECF No. 24 at 20.] A hearing was held on the Motion to Dismiss on December 6, 2016, and the matter was submitted for decision. The Plaintiffs' Amended Complaint is dismissed for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, applicable based on Rule 7012(b) of the Federal Rules of Bankruptcy Procedure.[1]

---

[1] References to the Federal Rules of Civil Procedure will appear as "Civil Rule __," and references to the Federal Rules of Bankruptcy Procedure will appear as "Bankruptcy Rule __."

**I.     Facts.**

    **A.     Background.**

The Plaintiffs and the Defendant were members of TLC Developers, LLC, a Kentucky company that was in the business of constructing, developing, and selling homes. On June 18, 2013, the Plaintiffs filed a lawsuit against the Defendant in the Madison County Circuit Court (Case No. 13-CI-00394), seeking to recover money he owed to TLC Developers for unpaid financial obligations. The Madison Circuit Court entered a Partial Summary Judgment [ECF No. 24-1] on July 24, 2015, finding the Defendant liable to the Plaintiffs for "his one-third prorated share of the liabilities (losses) [of TLC] in accordance with the terms of the Operating Agreement." [*Id.* at 8.] On December 23, 2015, the Madison Circuit Court rendered Judgment against the Defendant in the amount of $87,300.00, plus costs. [ECF No. 24-2 (the "State Court Judgment").]

The Defendant filed his Chapter 7 bankruptcy petition on March 2, 2016. [Case No. 16-50363, ECF No. 1.] On June 9, 2016, the Plaintiffs filed a motion seeking a 60-day extension of the deadline for discharge objections. [Case No. 16-50363, ECF No. 38.] The motion suggested that the United States Trustee and the Chapter 7 Trustee joined in the requested relief. [*See id.* at 2.] The Plaintiffs' motion was granted without notice or hearing,[2] extending the deadline through August 12, 2016. [Case No. 16-50363, ECF No. 39.]

The Defendant filed a motion to alter, amend, or vacate the order extending the deadline, arguing that the Plaintiffs "intentionally misrepresented to the Court that they are somehow

---

[2] No hearing is required pursuant to KYEB LBR 9013-1(c)(xii)

aligned with the U.S. Trustee and/or the Chapter 7 Trustee in this motion." [Case No. 16-50363, ECF No. 40.] Further, the Defendant argued that any extension was unnecessary because extensive state-court discovery and litigation had preceded the bankruptcy. [*See id.*] The U.S. Trustee did not appear at the June 23, 2016 hearing on the Defendant's motion, but counsel for the Chapter 7 Trustee stated his client did not require an extension of the objection deadline. The Court granted the Defendant's motion in part, allowing the Plaintiffs and the U.S. Trustee until July 15, 2016, to file a complaint objecting to the discharge under § 727 or to challenge the dischargeability of any particular debt under § 523. [Case No. 16-50363, ECF No. 59.]

No other party objected to discharge under either § 523 or §727 by the deadline. Therefore, the Defendant's Order of Discharge was entered on July 28, 2016. [Case No. 16-50363, ECF No. 120.]

### B. The Initial Adversary Complaint.

The Plaintiffs filed their initial Complaint Under 11 U.S.C. § 523 Objecting to Dischargeability of Debt [ECF No. 1] on July 15, 2016, seeking a declaration that that their claim against the Defendant is non-dischargeable pursuant to § 523(a)(2)(A) and § 523(a)(6). [*Id.* at 5.] The Plaintiffs alleged that the Defendant's post-judgment scheme to avoid their collection efforts amounted to actual fraud under § 523(a)(2)(A) and represented willful and malicious injury under § 523(a)(6). [*Id.* at 3.] The Defendant moved to dismiss because the Plaintiffs failed to establish a claim caused by any fraudulent act or injury.

At oral argument, the Plaintiffs' counsel conceded that the underlying claim was for simple contract damages, unrelated to any fraudulent or intentionally tortious conduct by the Defendant. [ECF No. 19 and 20; *see also* POC 3.] The Plaintiffs asserted this did not matter

3

because the Defendant's alleged fraudulent-conveyance scheme was sufficient to prove actual fraud under § 523(a)(2)(A) pursuant to the Supreme Court's recent decision in *Husky International Electronics, Inc. v. Ritz*, --- U.S. ----, 136 S.Ct. 1581, 1589, 194 L.3d.2d 655 (2016) and the Seventh Circuit's decision in *McClellan v. Cantrell*, 217 F.3d 890 (7th Cir. 2000). [ECF No. 17 at 9-10.]

The allegations in the initial Complaint were not sufficient to support the non-dischargeability claims, but the Plaintiffs were allowed 20 days to amend the complaint. [ECF No. 21.]

    **C.**    **The Amended Complaint.**

The Plaintiffs filed their First Amended Complaint on October 18, 2016, setting forth more detailed factual allegations describing the alleged fraud. [ECF No. 24.] The Amended Complaint also describes the Plaintiffs' post-judgment collection efforts, including filing a judgment lien on real estate, issuance of a February 24, 2016 Charging Order by the Madison Circuit Court against the Defendant's companies (ASA Builders, LLC; ASA Auto Connection, LLC; and Buddy's Aviation, LLC) [Case No. 16-50363, POC 2-1 at 4-5], and the Defendant's post-judgment asset deposition on January 29, 2016. [ECF No. 24 ¶ 13.] Further, the Plaintiffs contend that they were "singled out for injury, loss and harm, both prepetition and post-petition, since Debtor and/or his single-member LLC entities have continued to make payments, both prepetition and post-petition, to all other creditors who have filed claims in this case." [*Id.* ¶ 22.] Aside from this general allegation, the Plaintiffs make no specific factual assertions in support of this claim.

The Plaintiffs' Amended Complaint compiles a laundry list of alleged problems incurred when they tried to collect the State Court Judgment that read more like a § 727(a) action. For example, the allegations of hidden assets suggest a possible claim for fraudulent transfer or concealment under § 727(a)(2). The allegations addressing the inconsistent information in the Defendant's bankruptcy papers and financial statements might support a claim under § 727(a)(4).

Despite the general allegations of wrongdoing by the Defendant, the Plaintiffs' Amended Complaint seeks relief identical to that sought in its first Complaint: a finding of non-dischargeability with respect to its claim for the State Court Judgment based on actual fraud under § 523(a)(2)(A) or willful and malicious injury under § 523(a)(6). The Plaintiffs state the following in support of their fraud claim:

> Plaintiffs damages include but are not limited to the full amount of their principal claim, all interest, and all added costs and fees resulting from the [sic] being forced to deal with the Debtor's fraud scheme, and which damages arise from the fraud perpetrated by Debtor after the state court Judgment was entered against him, when he began to undertake to transfer and hide assets and revenues in both his personal name as well as assets and revenues controlled 100% by Debtor in his LLC entities, while continuing to exercise full control and use of same, and to lie under oath regarding same, both in this Court as well as before the Madison Circuit Court in sworn testimony.

[*Id.* ¶ 62.]

Similarly, the Plaintiffs state in support of their claim for willful and malicious injury:

> Plaintiffs have been damaged and harmed by Debtor's intentional conduct and actions to the full extent of their claim, including losses that include all principal, interest, costs and attorneys' fees, in that assets which purportedly have been transferred away and been hidden and/or used were the subject of Plaintiffs' post-judgment liens and charging order, and were converted to Debtor's own personal use after a judgment was rendered against him.

[*Id.* ¶ 71.]

5

The Defendant filed his Motion to Dismiss Amended Complaint on November 1, 2016, incorporating and expanding on the arguments set forth in the earlier dismissal motion. [ECF No. 26.] Despite the Plaintiffs' more detailed allegations, the Defendant still argued that dismissal is appropriate since the Plaintiffs' Amended Complaint fails to adequately plead any nexus between his alleged misconduct and the Plaintiffs' underlying claim for contract damages.

The Defendant did not file a response to the Motion to Dismiss, which is troubling for two reasons. First, the parties entered into an Agreed Order to continue the hearing on the Defendant's motion, providing that "Plaintiffs' Response to the motion **shall be filed** on or before November 22, 2016, and Defendant's Reply, if any, shall be due on or before December 2, 2016." [ECF No. 28 (emphasis supplied).] Further, the oral argument for the first motion to dismiss recognized the Plaintiffs were embarking on a unique interpretation of *Husky* that would require a more thorough analysis of the facts and issues affecting the decision.

The substance of the Plaintiffs' oral objection is substantially similar to that presented at the hearing on the prior motion to dismiss. The Plaintiffs again conceded the underlying claim was based on contract damages stemming from the Defendant's role as a member of TLC Developers, LLC prior to the date of the Partial Summary Judgment. The Plaintiffs argue, however, that the Defendant's allegedly fraudulent scheme to frustrate collection efforts rendered the debt non-dischargeable based on the Supreme Court opinion in *Husky*. The Plaintiffs also cited a decision by the Bankruptcy Appellate Panel of the Tenth Circuit construing *Husky*. *See Hatfield v. Thompson (In re Thompson)*, 555 B.R. 1 (B.A.P. 10th Cir. 2016). After the hearing, the matter was submitted and is now ripe for determination.

6

## II. JURISDICTION.

The Court has jurisdiction pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). Venue is proper pursuant to 28 U.S.C. § 1409.

## III. DISCUSSION.

### A. The Standard Governing a Motion to Dismiss.

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2), made applicable in bankruptcy by FED. R. BANKR. P. 7008(a). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b), made applicable in bankruptcy by FED. R. BANKR. P. 7009. A party may file a motion to dismiss for "failure to state a claim upon which relief can be granted" in lieu of filing a responsive pleading. FED. R. CIV. P. 12(b)(6).

The first step in a dismissal proceeding is identification of the elements and scope of a plaintiff's cause of action. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 675, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ("[W]e begin by taking note of the elements a plaintiff must plead to state a claim . . . ."). Once the elements are established, well-pleaded factual allegations are accepted as true, but the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "Factual allegations must be enough to raise the right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and must go beyond "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. "[D]etailed factual allegations" are unnecessary, but "a formulaic recitation of the elements of a cause of action will

7

not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  In short, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).

> **B.  The Plaintiffs' Amended Complaint Fails to State a Claim for Non-Dischargeability Under § 523(a)(2)(A).**

The Plaintiffs allege that a post-judgment, fraudulent-conveyance scheme that hinders collection of a preexisting state-law contract debt makes their entire claim non-dischargeable under either § 523(a)(2)(A) (Count I) or § 523(a)(6) (Count II).  [*See* ECF No. 24]  But the contract damages on which the State Court Judgment is based all preceded any fraudulent or injurious activities by the Defendant.  [ECF No. 24 ¶ 62 ("[W]hich damages arise from the fraud perpetrated by Debtor after the state court Judgment was entered against him ... .").]  The Amended Complaint never set forth a cause of action for the post-judgment activities and did not describe the amount of the loss or anything else that could support an argument under *Husky* or existing Sixth Circuit precedent.

> **1.  A Plaintiff May Allege that a Debt is Non-Dischargeable Based Solely on Actual Fraud.**

Section 523(a)(2)(A) provides that "any debt … obtained by . . . false pretenses, a false representation, or actual fraud" is non-dischargeable.  *See* 11 U.S.C. § 523(a)(2)(A).  The Plaintiffs' claim is based on alleged actual fraud, which is unlike most § 523(a)(2)(A) non-dischargeability claims that involve a misrepresentation that leads directly to the loss.  *See McClellan*, 217 F.3d at 892; *see also Rembert v. AT&T Universal Card Servs., Inc. (In re Rembert)*, 141 F.3d 277, 280-281 (6th Cir. 1998) (reciting the elements of proof for fraud based

8

on a misrepresentation). It is possible to prove actual fraud without proof of a misrepresentation or misleading omission. *Husky*, 136 S.Ct. at 1586.

*Husky* stands for the narrow proposition that a material misrepresentation by a debtor is not required to support a claim of actual fraud, overruling cases to the contrary. This proposition is not new law in the Sixth Circuit. In 2001, the Bankruptcy Appellate Panel for the Sixth Circuit addressed a "scheme to deprive or cheat another of property or a legal right . . . ." *See Mellon Bank, N.A. v. Vitanovich (In re Vitanovich)*, 259 B.R. 873, 877 (B.A.P. 6th Cir. 2001). The Panel determined "that actual fraud as used in 11 U.S.C. § 523(a)(2)(A) is not limited to misrepresentations and misleading omissions." *See id.* (adopting the decision in *McClellan*, 217 F.3d at 893).

### 2. The Plaintiffs Must Allege that the Purported Non-Dischargeable Debt Was Obtained by Actual Fraud.

*Husky* recognized the statutory requirement that only a debt "obtained by" actual fraud is non-dischargeable under § 523(a)(2)(A). *See Husky*, 136 S.Ct. at 1589 n.3 (this was an issue on remand). The § 523(a)(2)(A) analysis is a two-step process: (1) determine the validity of the debt; and (2) determine whether the debt is non-dischargeable under the statute. *Thompson*, 555 B.R. at 8 & n.39 (n.39 cites cases that recognize the debt and the non-dischargeability claim are separate causes of action).

The Plaintiffs have not sought non-dischargeability for a debt obtained by actual fraud in the Amended Complaint. They only seek a determination that their State Court Judgment based on contract damages is non-dischargeable. They did not assert a claim for, or sufficiently

9

describe, a cause of action for losses caused by the post-judgment fraudulent scheme alleged in the Amended Complaint.

The debts in *Husky* and *Thompson* existed solely because of veil-piercing statutes that provided for individual liability for certain corporate obligations. *Husky* was remanded to the Fifth Circuit to decide "whether Ritz owes a debt to Husky under Texas law." *Husky Int'l Elecs., Inc. v. Ritz (In re Ritz)*, 832 F.3d 560, 562 (5th Cir. 2016). The Fifth Circuit ultimately remanded the case to the bankruptcy court for additional fact-finding necessary to decide whether the debtor violated the Texas statute, and, if so, whether the § 523(a)(2)(A) discharge exception for actual fraud applies. *Id.* at 563.

A similar situation was presented in *Thompson*. The Tenth Circuit Bankruptcy Appellate Panel held: "The debt Hatfield seeks to except from discharge is his fraud-based corporate veil piercing claim, not [the company's] debt based on providing substandard [nursing home] care." *Thompson*, 555 B.R. at 20. The Plaintiffs do not allege there is a third party like the individual debtors in *Husky* or *Thompson* that should have liability based on a statute or other applicable law.

The debt here is an award of contract damages against the Defendant that was liquidated by the state court. Nothing in the State Court Judgment sounds in fraud, and the Plaintiffs have not alleged a cause of action that might create separate liability on the part of the Defendant.[3] In

---

[3] Kentucky's veil-piercing law originally developed in common law and was not codified. *See White v. Winchester Land Dev. Corp.,* 584 S.W.2d 56, 61 (Ky. Ct. App. 1979). "[W]hile the Kentucky General Assembly gave statutory recognition to the veil-piercing doctrine in Kentucky Revised Statute (KRS) 271B.6–220(2) [in 2012], it remains an equitable doctrine to be applied by the courts." *Inter-Tel Techs., Inc. v. Linn Station Properties, LLC*, 360 S.W.3d 152, 165 (Ky. 2012) (citing *Schultz v. Gen. Elec. Healthcare Fin. Servs., Inc.,* 360 S.W.3d 171 (Ky. 2012)) (footnote

fact, the Plaintiffs confirmed at oral argument that they were seeking a finding of non-dischargeability with respect to the State Court Judgment as opposed to any other theory of damages.  [*See* ECF No. 30, Recording of December 6, 2016 Hearing (12:29 – 14:54).]

Rather than assert a specific claim for post-judgment damages, the Plaintiffs rely on the non-dischargeability statute itself as the source of the debt.  Section 523(a)(2)(A) does not provide a cause of action that simultaneously creates a debt and renders it non-dischargeable. *See Zacharakis v. Melo (In re Melo)*, 558 B.R. 521, 561 (Bankr. D. Mass. 2016) (the plaintiffs failed in their burden of proof because they asserted no grounds, other than § 523(a)(2)(A), to hold the debtor personally liable).  Section 523(a)(2)(A) takes an existing debt and excepts it from discharge upon a showing that it was obtained by actual fraud.

The Plaintiffs' allegations address post-judgment fraud that may be actionable, but not through § 523(a)(2)(A) alone.  *Husky* does not change the priority scheme of the Code to elevate an unsecured claim for contract damages to a non-dischargeable claim when it was not obtained by actual fraud.  Accordingly, the Plaintiffs have failed to state a claim for non-dischargeability under § 523(a)(2)(A).

### C.     The Plaintiffs' Allegations Do Not Support a Non-Dischargeability Claim Based on a Willful and Malicious Injury Under § 523(a)(6).

The Plaintiffs' § 523(a)(6) claim suffers from the same deficiencies as the discussion in Section III.B because they argue the contract-based State Court Judgment is non-dischargeable.

---

omitted).  As such, veil-piercing is not seen as a separate cause of action, but a remedy and source of recovery on an underlying claim.  *See Daniels v. CDB Bell, LLC,* 300 S.W.3d 204, 211 (Ky. Ct. App. 2009); *see also Schultz* (adopting the reasoning of the *Daniels* decision).

[*See* ECF No. 24 ¶ 71.] Section 523(a)(6) provides that a § 727 discharge "does not discharge an individual debtor from any debt . . . for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). "From the plain language of the statute, the judgment must be for an injury that is both willful and malicious. The absence of one creates a dischargeable debt." *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 463 (6th Cir. 1999).

The Supreme Court narrowly defined the scope of the § 523(a)(6) exception to discharge, holding that it only applied to "acts done with the actual intent to cause injury," and not to "acts, done intentionally, that cause injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998). As the Sixth Circuit summarized in *Markowitz*, "unless 'the actor desires to cause consequences of his act, or . . . believes that the consequences are substantially certain to result from it,' . . . he has not committed a 'willful and malicious injury' as defined under § 523(a)(6)." *Markowitz*, 190 F.3d at 464 (quoting Restatement (Second) of Torts § 8A, at 15 (1964)).

The allegations in the Amended Complaint do not contain any facts that suggest the contract debt that was liquidated to judgment by the Kentucky state court was based on willful and malicious conduct. The allegations only describe possibly willful and malicious conduct that occurred after the Kentucky state court found liability in the Partial Summary Judgment. Hence, the § 523(a)(6) cause of action must fail for the same reasons the § 523(a)(2)(A) claim failed.

The Plaintiffs want to rely on § 523(a)(6) both to establish their injury and provide for its non-dischargeability, similar to their § 523(a)(2)(A) claim. The Plaintiffs make no specific allegations of injury and fail to articulate or plead any claim or cause of action for a debt related

12

to the fraudulent damages alluded to in the Amended Complaint. Having failed to adequately allege an injury to either themselves or their property that is actually connected to the Defendant's alleged misconduct, the Plaintiffs' claim for non-dischargeability under § 523(a)(6) is rejected. *See Quarre v. Saylor (In re Saylor)*, 108 F.3d 219, 221 (9th Cir. 1997) ("[Plaintiff's] claim that he possesses a property interest in the fraudulent transfer remedies provided by state law does not fit within the definitions of either 'debt' or 'property' for purposes of Section 523(a)(6), and runs counter to the long-standing principle that exceptions to dischargeability are to be narrowly construed.").

### IV. CONCLUSION.

The Plaintiffs have failed to state a claim upon which relief can be granted. The allegations in the Amended Complaint paint an unattractive picture of a scheme to prevent collection of the Plaintiffs' State Court Judgment. But the allegations do not establish a case for non-dischargeability under §§ 523(a)(2)(a) and (a)(6) because the alleged fraudulent scheme had nothing to do with the creation of the underlying liability. *See Husky*, 136 S.Ct. at 1589 ("[Section] 523(a)(2)(A) is a tailored remedy for behavior connected to specific debts.").

The Plaintiffs did not ask for an opportunity to amend. As indicated previously, the Plaintiffs failed to file any response to the Motion to Dismiss, despite agreeing to provide one by a date certain. No additional opportunity to amend is warranted under the circumstances.

For these reasons, the Defendant's Motion to Dismiss Amended Complaint [ECF No. 26] is GRANTED and the Plaintiffs' First Amended Complaint Under 11 U.S.C. § 523 Objecting to Dischargeability of Debt [ECF No. 24] is DISMISSED with prejudice. A separate order shall be entered accordingly.

13

---

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



Signed By:
*Gregory R. Schaaf*
**Bankruptcy Judge**
Dated: Tuesday, December 27, 2016
(grs)